Good afternoon, Illinois Appellate Court, First District Court is now in session. The First Division, the Honorable Justice Carl Anthony Walker presiding, case number 2-0-0278, the State of Muhammad Syed Khan. Thank you, Darren. Good afternoon, everyone. I'm Justice Walker, and I have here with me Justice Hyman and Justice Pierce, and I'd like to have the lawyers to please introduce yourselves. Good afternoon, Your Honor. Gil Stein for Appellants Habiba and Serena Sharif. Thank you, Mr. Stein. Good afternoon, Your Honors. Richard Gilbaugh for Shah Jahan Khan, who is the guardian in this estate. Thank you, Mr. Gilbaugh. And let's start with you, Mr. Stein. How much time do you think you need today? Depending on the court's questions, I believe my material, I can get to it in under 15 minutes. And you want to leave five for rebuttal? That would be good, Your Honor. Thank you. All right. And Mr. Gilbaugh, how much time do you need? Yeah, I think 15 minutes will be sufficient, of course, depending on the court, the court's questions, but I think 15 minutes should be fine. Sure. And if you run out of time, because we're still asking questions, generally, if you have a point that you really intended to make, you didn't get to it, please let us know. We'll give you a few minutes to close out and get to your points that were really important. Okay, so with that, you're welcome, both of you. And Mr. Stein, we'll go ahead and get started with you. Okay, Your Honors. May it please the court. Again, my name is Gil Stein, and I represent the appellants Habiba and Serena Sharif. Before I turn to why the orders on appeal are legally erroneous, I want to stress what's at stake today. Habiba Sharif is Mr. Khan's younger sister in a traditional Indian family. Because of Mr. Khan's status, his business experience, and his representations in the 1988 contract that's at issue here, that adding his name to that contract would, as he said, just be on paper. Habiba did what her older brother wanted. After all, she had already paid off all of Ashland's financial obligations by that time to the tune of some $188,000 since she originally bought the property in 1973. So how could Ashland not be hers? So she added Khan's name. Mr. Stein, I believe that in the record, it's clear that, or at least there's evidence, that he never paid any taxes, any costs, any mortgage, or any of that. Is that correct? That's correct, Your Honor. That's our understanding. All right. So given those circumstances, Habiba added Khan's name to the property for insufficient consideration. She later paid off his quarter of a million dollar loan on the property when he had since 1973, in addition to managing and caring for the property without Mr. Khan's help. That's the history that made Habiba's interaction with Mr. Khan in 2016 so unremarkable in her eyes. Because after being told to get her affairs in order and her golden years, Habiba openly asked her brother in his living room before several family members to clean up an issue that he said was just on paper. But that's not the issue before us. I mean, all of what you're saying, that is not what's before us, right? Correct, Your Honor. But I believe this is important. Let's get to the issues that are before us, because we need to decide this case based upon the legal issues that have been presented. And whenever we do, it'll go back to the trial court. Very well, Your Honor. So if the orders on appeal today are not reversed, against the background that I outlined, the Sharif's will be denied a chance to prove and counterclaim none that they did not trick Mr. Khan in 2016 because Ashland was not his in the first place. But if the 1988 contract did give Mr. Khan an interest in Ashland, affirming the orders below will deny the Sharif's a chance to argue alternatively and counterclaim seven that Mr. Khan breached his obligation to share the property's expenses. Affirming will also deny the Sharif's a chance to argue alternatively and counterclaim eight that a resulting trust should prevent Mr. Khan from profiting off a property that he has had nothing to do with for over 30 years. So that hasn't been determined yet. I mean, if your counterclaims are not successful, if we affirm, then what? They will not have these opportunities, Your Honor, to make their case a trial, which I submit respectfully are critical in light of the history and the equities of this case. Well, no, but we have to look at the, this is not, we have to look at the law. The histories and the equities are one thing. This is a legal issue before us, isn't that correct? Yes, Your Honor. And so picking up on that point, the orders on appeal dismissed one counterclaim by declaring this matter's central fact dispute over the sufficiency of contractual consideration to be, and I quote, an uncontroverted fact. The same order then dismissed two other counterclaims with prejudice for mere pleading deficiencies, even though they assumed the validity of the same contract that the court said was uncontroverted. Let's start with your back in 1988. Doesn't, doesn't it say that for value received? And that goes to the point that consideration does matter when you're assessing these contracts, Your Honor. No, but my point is if it's for value received, then whose burden is it to make allegations with regard to whether there was value or not? It's our burden, Your Honor. And we believe that there wasn't sufficient consideration for this contract. Well, where in your counterclaim do you say, say that? The central disputed issue of fact here, Your Honor, is raised in counterclaim one, where we say that the contract should be declared invalid for lack of sufficient consideration. And that is a counterclaim that the court dismissed in resolving, in our view, that central factual disputed question of fact by saying that it is a valid contract, there is sufficient consideration, or it wouldn't be valid. And it made a finding of fact on a motion to dismiss. Now, the trial court made this decision, and we don't really know fully why it reasoned as it did. And so that puts, I believe, Sajahan Khan in a position of having to offer possible arguments to explain the trial court's ultimate decision. We don't believe that those arguments should carry the day to day. And so let me turn to those in turn. So as I said, the trial court dismissed counterclaim one, which, as I said, requested declaration of the 1988 contract's validity because it concluded that the contract's conclusion follows from the Sharif's judicial admissions that the 1988 contract existed. Now, the problem with that is... Let's get around that one. Say we don't accept that one. Okay. All right. Where does that leave you? Okay. That leads us to the next argument that she raises as a possible basis for the court's decision below. And this one is, is that the trial court properly dismissed counterclaim one under the doctrine of non-liability for past conduct? Well, if that's true, we submit that it erred because that doctrine applies where no future conduct is left to be decided. And counterclaim one respectfully asked for a declaration of whether the parties must share in the Ashland property's past and future proceeds and expenses. That declaration of undetermined future conduct and rights and obligations under the contract defeats we submit the non-liability for past conduct. Why wasn't that brought while the statute of limitations was in force? I mean, it's been too many years now for for that claim, hasn't it? No, your honor. We don't believe so. And that actually gets us into the dismissal of counterclaim seven. So let me address that since your honor raised that. Counterclaim seven alleged that if the 1988 contract is deemed valid, this is an alternatively pled counterclaim. Then Conn breached it because he never paid his share of Ashland's expenses. If the trial court dismissed this counterclaim on the limitations grounds that your honor just raised and that Sajahan argues, we believe that it erred because limitation periods cannot expire for actions that have not yet accrued. The applicable breach of contract limitations period will first start to run, your honor, if and when the 1988 contract is found valid. And in support of this, that's not the law. It seems to me you could have brought this case in 1990, 1995, 2000. I mean, there's lots of time. Nothing has changed that would wait until now to bring that lawsuit, a counterclaim. I mean, you could have brought it without having the suit by Mr. Conn's guardian. Except for one very important point, your honor, which drives this whole litigation. The citation to recover assets that the appellees filed did not get filed until 2018. We had no reason to believe that there was any dispute over the ownership of this property for more than 30 years. And the party's conduct was consistent with that. I would point the court to its decision in the Kozasa case where the statute of limitations on a breach of contract claim the court held began to run eight years after the contract's making, because that is when the plaintiff learned for the first time that he could legally demand payment from a defendant for commissions that were due under a contract. So the lesson of the Kozasa decision by this court is that although a long period of time may pass from contract formation until accrual of a cause of action, the period of limitations does not start to run until there's a reason to believe that there's even a dispute at stake. And in this case, we did not have any reason to believe as we've pointed out in our briefs based on the party's conduct for over 30 years, that there was any doubt that Habiba Sharif owned Ashland entirely all that time. When that became an issue with the filing of the citation to recover assets, now the period, now we have a problem here and we ask the court to declare if we even have a contract in the first place. When that declaration issues, if there is a contract to be found, I submit that the period of limitations will begin to run and we will be well within it if we need to challenge things. Well, if there was no dispute that the sister owned the property outright, why did she in 2016 go to her brother and ask him to convey it back to her? Yes, your honor. And that goes to some of the important background that I wanted to lay at the start of this argument. That's an excellent question. And the point is this, your honor, as Habiba Sharif became older and got into her later years, she was advised to go through her papers and make sure that her affairs are in order. And one of those things that she discovered and had not thought about, quite frankly, for quite some time because there was really no reason to do so, was the paperwork regarding the assignment in 1988 of the Ashland property. And when she realized that that assignment was still out there and that her brother's name was on it, she went to her brother openly at his house in front of family members who were sitting in the living room, far from a clandestine affair where she was trying to take advantage of somebody who was incapacitated. And she asked him to clear up that paperwork, which he had told her all along was just an assignment on paper, that it had no significance. And she believed him. She believed him back in 1988 for various reasons, not the least of which is his far superior experience in real estate, the status compared to hers in the traditional Indian family. And so she asked him to clean up that paperwork as part of her planning in her later years. And he had mental disabilities at that time. And I don't think that's in dispute. So when you say that they had him signed, whether family members or not, they may not have known about what was going on. And there was an allegation that it was a new LLC that was created that he was signing to and he was told something else. So, I mean, there is dispute to what you just said. Yes, Your Honor. That is correct that by the time 2016 rolled around and this meeting happened, the family had declared Mr. Khan in need of a guardian. And his guardian ended up being appointed. And that's his wife, Sajahan Khan, who is the appellee in this case. However, Your Honor, the Sharifs did not, because of family strife, were not allowed to really visit Mr. Khan too often. And they did not realize and know and not being medical professionals and not being in on his situation, they did not understand or have any reason to believe, based on the visits and interactions that they did have with him periodically, that he was suffering from the dementia that his guardian has asserted. But that's not before us, right? That's correct. All right. As a matter of law, I mean, we can't take a... That might be a good point. And I'm not saying it isn't, but it's not something we can consider. That is absolutely correct, Your Honor. I believe, I think you raised the question of whether there was an issue of mental capacity, and I was just trying to explain the background behind that. Well, Mr. Stein, the whole purpose of what I'm getting at is, this is a citation proceeding where it's essentially, your client is in possession of an interest in property that belongs to the disabled person. Return it to the disabled person's estate. And the sister is contending, no, no, no, no. It's not in his... He does not have an interest because of all these facts that you are setting out that are factual, evidentiary things that may or may not be true. Why do you need a counterclaim to defeat the conversion or the testimony come in at the citation proceeding to establish that it's not an interest of the disabled person, it's 100% interest in your client? Why do you need the counterclaims? We chose to plead the counterclaims, Your Honor, to protect us on either side of the two potential options here. Option one... Okay. All right. Now, assuming that you... You're still not precluded from establishing to the satisfaction of the fact finder that that interest that looks like is in the disabled person's favor never happened. Couldn't you still prove that? Couldn't you still prove everything you're telling us today that happened in 1988? Couldn't you still prove that without the counterclaim? I'm not sure we can, Your Honor. On the citation proceeding? Pardon me? I'm not sure we can, Your Honor, because we want to maximize our client's protection under two scenarios. Number one, our point is in counterclaim one, there is no contract here and because there never was a valid contract, they cannot be guilty of taking advantage of a mentally incapacitated person in 2016 by asking him to give back something that never was his. Because his sister owns the property 100%. You don't need a claim for that, correct? To say there is no citation basis here. I don't have to return or return any assets to the estate. That's correct. That's our position. If we prevail on counterclaim one, that is the outcome, that there's nothing to give back. But my point is you don't need the counterclaim one to prevail in the citation proceeding, do you? We believe we need an affirmative request to declare the contract invalid in order to find a basis for saying that you cannot take which was not Mr. Kahn's in the first place. But why do you need the counterclaim? What case, what case, what rule or statute are you relying on for that proposition? We're relying on the declaratory judgment power that we have. Other than the declaratory, you may not have a declaratory judgment. So take that away. I mean, you have to be relying on something other than the declaratory judgment, it seems to me. Well, we're seeking validation. I think Justice Pierce's point is, you know, do you need the declaratory judgment? He said, if you don't have it, I mean, you brought it, it sounds like belt and suspenders. But why you say, oh, we need it. That's different. Well, it's an option. And whether and that maybe there was belt and suspenders, which is a good idea. But maybe the finding is that one of those doesn't work under the law. Well, we want to avoid a trial, Your Honor, for obvious expense reasons and I mean, everybody would like to avoid the trial they can, but if you can't, I mean, that's not a consideration of avoiding trials. The question is whether as a matter of law, you have a right to the declaratory judgment under count one. We believe the question still is valid question. I think it's a very good question by Justice Pierce. I agree, Your Honor. It's an excellent question. I think it's answered clearly by this court and decisions in Midtown Petroleum and the Alderman Drugs case. Both of those cases presented a situation where the court reversed similar dismissals of declaratory judgment claims by holding that declarations of rights are properly sought under contracts if those contracts are found to be valid in the first place. And we believe that we fit right within that line of decisions, Your Honor. And that's what we're asking the court to do. So, again, Mr. Stein, you're arguing that, yes, there was, in fact, a contract and you're you're seeking to declare your rights pursuant to that, correct? There was an agreement. There's no denying that there was an agreement. And as we've argued... Yeah, just one second, Mr. Stein, but I think you believe that this agreement is more like a mother who cosigns on a car with her son and then after the car is paid off, she simply signs the car over to her son such that he now owns the entire thing without her being a partial owner. This is more like that. Whereas there was no... She didn't do anything. She didn't pay anything towards it. She just simply signed her name to it. Is it more like that? That's what you're arguing? Somewhat, Your Honor. I think there's some facts in this case that separate it from that analogy, and they are the following. We had a certain level of reliance between Habiba Sharif in 1988 and her older brother, Mr. Khan. And based on representations that Mr. Khan made to her about what this means to put his name on the land trust, she, not knowing any better and not being in a position to challenge him, took that at face value. And we believe that the party's conduct for the last several decades shows that what he told her was really what they both understood to be true, is that, as he put it, this is on paper only. You own the property. You're going to be responsible for it for all intents and purposes. I just need you to do me this favor because I have some financial problems and I need to secure a loan from creditors. And so knowing nothing better of it and not really being in a position to challenge him, she went ahead with it, not knowing, how could she possibly, that some 30 plus years later, she would be accused of taking back from him something that they both understood all along was not his in the first place. So it sounds as though, Dan, that even if it is alleged that he now has an interest in the property, your counterclaim would allow that interest to be reduced based upon at least the amount of the loan that she paid off on his behalf. That's correct. Counterclaim seven and eight would allow two things. Counterclaim seven would say that if there is a contract here that is valid because it's supported by sufficient consideration, everything else is fine. There's a contract. Okay. He must have breached it because implied in that contract is a sharing of expenses and obligations around the property that never happened. Also, that would include that he would pay off that loan and she wouldn't have to pay it off. That's correct. This was dismissed under 2615, correct? And 2691, correct? That's correct. So in that case, these are probably some factual issues you're arguing that need to be resolved. That's correct. And why they shouldn't have been determined on a motion to dismiss stage, your honor. And to make out, to round out the point that I was going to make in response to your question, counterclaim eight also assumes as counterclaim seven does that there's a valid contract here, but there's an inequitable issue that needs to be resolved because if there really is a valid contract here, she has been shouldering the financial and managerial burden on this property for over 30 years without any involvement from Mr. Khan. And so we're asking the court to impose a trust, a resulting trust and counterclaim eight to compensate her for that. Coming back to the statements that the other justices have both made, it's not so much counterclaim one that you need, but you need counterclaim seven and eight to deal with the Is that deal with the issues you're raising? You're absolutely right. Your honor, counterclaim seven and eight gives us a chance to deal with that. Now, ideally, if we can prevail on counterclaim one, and there is no contract here in the first place, and they couldn't have done what they're alleged to have been doing in 2016, we're done. This case is over. We don't have to continue litigating it, but counterclaim seven and eight are backup positions. You would agree with what justices have and peers have said already, then there's no need for counterclaim one. Well, I think I think counterclaim one gets us out early, but if we lose on counterclaim one, we have counterclaim seven and eight, but that won't get resolved until further down the line, the equitable considerations there, but we should have the opportunity. Our point is to make that argument. And as it stands now, those counterclaims were dismissed with prejudice according to an order that only faulted them for that's a mistake of law that cannot happen at a motion to dismiss stage. Did you ever offer substitute pleadings to correct any deficiencies? I'm glad you asked that question, your honor, because that's one of the points that the appellee has made. We filed a motion to reconsider the ruling on the motion to dismiss. And in that motion, we argued what an amended pleading would look like. And so first of all, we gave the court sufficient notice of what the amendment of pleading would look like, which meets the Loyola factors. Number two, there's no requirement to attach a proposed amended pleading to a motion for reconsideration. What about you didn't appeal count eight, right? That's not before it's only count seven. No, wait, I'm sorry. Did you say counter counterclaim? counterclaim counterclaim? No, we took an interlocutory appeal on three counterclaims, one, seven, and eight. One, seven, eight. Oh, right, right, right. I'm sorry. As to the resulting trust, though, my question is, my understanding of the law is where there is an express trust, you can't have a resulting trust. We are seeking a resulting trust. I know, but if you have an express trust, we have an express trust. The law says, if you have an express trust, you can also have a resulting trust. You can't have both. And that's been the law for some time to begin a 1934 case said that from, and then the most recently, more recent case is Gary Wheaton versus mayor. Well, I'm not familiar with that decision, Your Honor. But I think that would make the doesn't make it more important to us, because we're looking at the law, you know, you know, we don't trade off, because you don't have this claim that you have that claim. I don't understand that argument. It doesn't nothing can make something more important. I mean, it's either the law either allows it or it doesn't allow it. Right? Yes, Your Honor. So I believe that counterclaim eight is appropriate, because it seeks to remedy in the alternative, a deeply inequitable situation that would result here. We have we have one person who has taken care of a property since 1973. At great expense, as the record shows, I'm talking like, you know, over half a million dollars when you told it all up to say nothing of all the work of managing the property and everything else that that entails. And now we would have a situation where for decades, Mr. Khan has never done himself what his guardian now seeks to do out of the blue, which is to assert an ownership interest in this property that he sat by and let his sister manage and pay for for decades. But you that you're gonna lose the case they brought, aren't you? I'm sorry, Your Honor, I didn't understand the question. They brought a claim, right? Correct. And you say, well, their claims no good, and you have counterclaims, too. But without those counterclaims, you still can defend yourself as to their action. Well, we do have a defense, Your Honor, it's not over if we if we lose. That's the point. But isn't that the point? I mean, you may not have a counterclaim. But you simply have all these defenses that may or may not pass depending on how the trial judge rules. We do have defenses, Your Honor, you're correct. But I would not be doing my job for my client if we didn't decide to raise every possible argument in their defense. And those include these counterclaims that we brought, three of which are before the court today. Your Honors, if there's no more questions, I think I've covered my material. I look forward to my rebuttal time. And I will say that the Sharif respectfully asked this court to reverse the trial court's dismissal and reconsideration orders. And again, if there's any more questions, I welcome them from the court. Thank you, Mr Stein and Mr Gilboa. Yes. Good afternoon again, Your Honors. Um, so I wanted to address one of the points the council made, he said, and some of the questions had to do with it. It was he said that the Sharifs don't have the opportunity to make their case. This is a citation and it remains pending. It's not part of this appeal, but it remains pending. And under the probate act, uh, there's a right to a jury trial, which the Sharifs have asked for. They have filed pleadings. They filed denials of facts as they've been pled in the citation. They have the opportunity to present their side of the case, present witnesses. The probate court has the jurisdiction to determine questions of title. And that includes hearing all the witnesses and hearing all sides of the dispute before it makes that finding of who has title in the property that's being sought to be returned to this estate. The question on this appeal is, do these allegations in these counterclaims, do they meet the discrete elements? Do they stop? Do they allege facts that meet the discrete elements of each of these causes of action? We have a declaratory judgment counterclaim, a breach of contract counterclaim and a resulting trust counterclaim. So the question is whether those facts that have been alleged meet, meet, uh, uh, the elements of those claims. Let's just say for a second that they don't, why wouldn't they, why shouldn't they be given an opportunity to file amended complaints, amended counterclaims? Well, they never asked for it in your honor. That's, that's the simple answer. I mean, well, it's the case was dismissed with prejudice, correct? That's true. Yeah. So then to go out and file it, they didn't have a right to go out and file additional counterclaims. The only thing that they could do is file a motion to reconsider. And they did that in the court denied it. Therefore the court's entry of the order with prejudice stands. So the only thing they can do now is come to the appellate court. Sure. And the reason, and just for clarity, I believe counterclaim one was dismissed, but it was not dismissed with prejudice. At least that wasn't stated in the order, but the reason, the reason they should not be able to replay them is because they alleged affirmatively by judicial admissions facts that proves that they can't have a claim under these causes. That's highly disputed. Uh, first of all, well, it is disputed. It is disputed. It is this I guess I recognize that. And, but I think it's easier to go one by one to show that. I mean, first we're talking about the declaratory judgment action and counsel says that the trial court decided a question of fact on who on, uh, regarding the, the ownership of the trust from 1988 to 2016. Well, I submit that the court didn't decide that the court merely gave a fact to the admissions that the Sharif's made in their pleadings. They affirmatively pled that Habiba Sharif, the sister assigned the interest to Mr. Khan in 1988, and that he held it until 2016 when they obtained it from him in 2016. So because of that affirmative pleading, they can't fix their defective declared. Um, um, they can't go back and say, Hey, that's not the case now because they affirmatively pled that, that the Lord, Mr. Khan had this interest from 1988 to 2016. And for the breach of contract claim, they affirmatively pled in their counterclaim that this supposed contract was breached when Khan failed to pay at the time of the 1988 assignment. And well, I should clarify counterclaim seven was six one nine. Um, and we had argued statute of limitations grounds because it had been over 30 years before the claim was brought. So because they allege that Khan breached this purported agreement in 1988, it accrued in 1988. And they were on notice that they could have bring a lawsuit in 1988 when, when this contract was breached. Well, but their, their response was because of the family situation and things going on, she didn't know that. Uh, there was no way for her to know that, uh, for her looking from her point of view, she's collecting everything and she's paying everything. He's out of the picture. So why would she assume in at any time be prior to, uh, the time that, uh, she was doing her financial information, uh, that there was a problem. Well, it's still a breach of contract claim. They still have to follow the limitations. You know, the statute of limitations applies no argument. You know, I know there's arguments can be made about fraudulent concealments to delay of statute of limitations, but that's, that's not what was made here. What was made, what was alleged in this counterclaim was that it was breached in 1988. And they're not saying that they had no knowledge of that. They admit that they didn't receive payment under this contract in 1988. So nothing was being hidden from them. If this was in fact, the contract is they were alleging in, in, in counterclaim seven, they had to bring it within five years. If it's an oral contract, 10 years, if it's deemed to be a written contract, but either way, it's beyond, uh, either of those limitations periods and for the resulting trust counterclaim, the reason they shouldn't be able to replete that counterclaim is because they affirmatively pled first that there is an express trust. We know this is a land trust and we're trying to impose a resulting trust within another trust, which is, which is goes against the case law that your a bank case, but also for resulting trust, we have to have consideration within the same transaction as we, within the same transaction that, that gives rise to the resulting trust. So the consideration that the Sharifs are alleging here, they're alleging that it happened before the 1988 assignment, making payments on the property, mortgage payments, maintenance, and it happened after the 1988 assignment, but they're not saying it was part of the same transaction. Well, let me, let me ask you if the court agreed and affirm the dismissal of the counterclaims, the three counterclaims, is there anything in the counterclaims that they could not bring up in connection with that lawsuit? That's a connection with appropriate action. That's you know, is there something we're missing that you're going to come out and say, wait a minute, that's all been determined. You're not going to say that it hasn't been determined. There's been no factual finding. If we say they don't have a counterclaim, what is it that would change for them from your point of view, if anything? Well, I don't think it's much that I think they still have the opportunity to raise facts in citation, to raise defenses to that citation. But these facts don't give rise to these types of actions. And that's what this appeal is about. I mean, are there other things out there? I don't know. But under these claims that they brought, they're not entitled to go forward on them. And that's what the trial court saw. And that's why the trial court dismissed them because they don't meet in the case of the declaratory judgment action, which asked the court to go back and declare them non-liable for the assignment they made in 1988. For that, and also the resulting trust, they just don't meet, the facts don't meet the elements of those types of claims. And for the breach of contract, that's a statute of limitations issue. It can't be fixed by a new treaty. So I submit the trial court was correct in issuing a dismissal with prejudice on these claims. And I don't believe it stops the Sharifs from raising factual disputes within this particular citation. They have the right to do that. They have the right to call witnesses. They have a right to a jury trial. It's in the Probate Act. So will they also have a right to file counterclaims? Well, yes, they have the right to file them, but they don't have the right to proceed if those counterclaims don't present facts that fall within the common law or the statute that create those claims. You still have to allege facts that bring the claims within. And often when you don't, in your case is dismissed pursuant to 2615, 2619-1, you do have an opportunity to replete and they didn't receive that opportunity in this case. Right. And we don't know what are the facts they would have been able to plead. They didn't get the opportunity. Your Honor, I submit that the trial order didn't prevent them from bringing new claims other than these claims, but also that we're talking about that they filed additional claims. At that point, you would have filed a 137. Well, Your Honor, I don't think so, because if one particular claim is dismissed, it doesn't mean that other claims are foreclosed. I don't think that would be a correct reading. But the main factor here is that these were verified allegations. They're judicial admissions. They last throughout this litigation. They can't be explained away by subsequent amendments. So even if we agree that these three claims can't go forward, they should get an opportunity to replete because there may be other claims that they might be able to bring since they never had that opportunity if they asked for it. Well, Your Honor, I think they should only be Well, we don't know that. Right. But the very first factor under the Loyola Academy case about amending and pleading is to, will this pleading correct a defective pleading? And we can't know that unless we see a proposed pleading. There has to be. But sometimes judges don't give the opportunity to do that, which is what happened here because they were dismissed with prejudice. They should. I mean, many times you'll see courts and appeals will give another opportunity for the plaintiff to, or the defendant in this case, counterclaim it to replete. I understand that, Your Honor. I understand. But I think the issue here is that there wasn't a motion to request leave to do that. And these are verified allegations. Again, they can't be undone. So these calls for that. Where the trial court dismisses a case with prejudice, there's absolutely no requirement that a litigant goes back in and say, oh, by the way, trial court, you dismissed this case with prejudice. We're asking you if we can please replete. That does, that would be ludicrous. The judge, if the judge dismissed the case with prejudice. So there's no requirement that they now go back in and beg to replete. The trial court told him, no, I don't want you to replete very often. And on all of us, all the justices here served as trial judges. We sometimes gave people forward opportunities to refile complaints. Definitely, definitely a second opportunity. And Your Honor, I understand that. I just don't think that that is part of this appeal. I don't think that they adequately sought to amend the claims in the trial court. They didn't propose pleadings. They didn't ask that. They didn't tell the trial court they wanted to provide new claims under new theories. They, they only contested that the court dismissed these, these counterclaims, these specific three counterclaims. And that's what this appeal is about. I don't think there's a basis to the count on the contract, as I understand it. Tell me if Mr. Stein was correct, that was without prejudice and the other two were with prejudice. That's what he said, which in case he would have an opportunity to at least replete the account. I believe the breach of contract was dismissed with prejudice. The one that was not dismissed with prejudice, or at least in the, in the trial court's order was counterclaim one, the declaratory judgment action, but seven and eight, I misspoke. It was number one. I just want to check. Mr. Stein, you did say count one. Counterclaim one, we believe was not dismissed with prejudice. That, that, that was my, okay. I may have misspoke, but that was, if that's true, then he, he, there might be an opportunity there as well. That'd be correct. Yes, I think, but they would have to meet the, the elements under the Loyola Academy case to, to, to present that to the trial court before that could be allowed. So, so we submit that these, that these counterclaims were properly dismissed by the trial court and that, and that the trial court's ruling should be affirmed. There's a lot of legal, I've talked about a lot of cases in the briefs. I don't think I need to go over them again. If, you know, I do want to address one issue. Council mentioned that the Kozasa case supports their position as to the breach of contracts claim. And that dealt with a, with a, it was a breach of contract claim. And the question was when it accrued under the law. And the court found that the facts showed that it accrued when the payment was due and that's when it accrued. And because the limitations period had not lapsed, the, the claim was not properly dismissed, but that doesn't support the position here that because payment was due under the Sharif's allegations in 1988, that that means they can bring a breach of contract claim now. So I don't believe the Kozasa versus Guardian Electric case says quite what, what council says it means. I don't believe it supports their case. I mean, the question here is whether in each of these counterclaims, if the facts alleged, bring it within this recognized cause of action, the declaratory judgment action, it's not proper for the court to go back to ask the court to go back in time and say that a party is not liable for actions it's already taken. That's, that's what a breach of contract claim is for. It's in the allegations didn't meet the, the required factual allegations of a resulting trust because they didn't adequately plead consideration in the same transaction. And also we're talking about imposing a resulting trust within an express trust, which is not allowed under the Gary Wheaton case. And the breach of contract case was properly dismissed under the statute of limitations grounds. And we submit that, that the trial court's decisions should be affirmed. And if the court has any more questions, I'm, I'm happy to answer, but that's all I have at this time. Thank you, Mr. Gilbert and Mr. Scott. Thank you, your honor. Your honor, I'm going to, your honors, I'd like to make four points in my rebuttal. And I don't want to start with the argument that council made that we were on notice in 1988, when the contract was allegedly formed, that we had a breach claim because Mr. Khan never paid for Ashland then, or within five years of that time period. The reason we were not on notice of that is because everybody behaved as though Mr. Khan had no ownership interest in the property. There was insufficient consideration exchanged. He never participated in the expenses or responsibilities of the property. And that within that time period, it went on for over three decades. And when Mr. Khan for the first time in 2018 filed the citation to recover assets, that was the first time we had a reason to understand that, wait a minute, he he's actually saying this has been his all along. And that is why we are in the situation that we are in now. And it would be, it would be unconscionable to put us in that within five years of 1988, that he actually owns the property is going to come and claim his share of the proceeds. That's not what the law requires. My second point is on this need for consideration within the same transaction that created the 1988 contract. No, that is not the law. The Illinois Supreme Court said in Totland what the law is, and it's that consideration to before or at the time close quote title passed. In this case, the consideration on our client's side was advanced before our clients since 1973 had been paying all the expenses of this property by the time 1988 rolled around, that was upwards of $188,000 with no assistance whatsoever from Mr. Khan at any point in time, because again, it was always her property. Everybody understood that as well as all the management that went into it and the time and effort that she devoted there. So consideration was passed from our client to Mr. Khan before the transaction and therefore resulting trust can be supported on the consideration point. My third point is, and this is the point that's been raised a couple of times in different questions by the bench. It is true that we can make arguments at trial before a jury in this case, but even though we can make our case in other ways before a jury, that does not mean that we should not raise every possible argument in our defense, or more importantly for today's purposes in particular, that the trial court can commit errors of law by deciding a question of fact to dismiss one counterclaim and two other counterclaims with prejudice on mere pleading deficiencies. That that's, that's the legal errors that we are seeking this court to reverse on. And my final point, your honors is counsel said that we judicially admitted the 1988 contracts existence. If you look at our brief, we marched through very specific allegations that disprove that they cherry picked to put it politely. They found six segments of even an answer in our answer to their citation, where we admit the existence of the transaction, but in the very same sentence, we go on to deny its validity for the reasons that we've articulated in our briefs. That's not a judicial admission. That's not a fair balance presentation of the record. If the court has no more questions, I respectfully again, submit that the trial court's orders below should be reversed. Thank you very much. Okay. Thank you both. Excellent job. Excellent briefing. Excellent arguments. We do appreciate excellence. So thank you. Have a good day. Hearing's adjourned.